United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Cruz, et al., Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 23-22871-Civ-Scola |
| ) | **In Admiralty** |
| Carnival Corporation d/b/a ) | |
| Carnival Cruise Lines, Defendant. ) | |

**Order on Motion to Dismiss**

This matter is before the Court on the Defendant Carnival Corporation's ("Carnival") motion to dismiss the Plaintiffs' complaint. (Mot., ECF No. 17.) The Plaintiffs failed to timely respond to Carnival's motion to dismiss. After careful consideration of the briefing, the record, and the relevant legal authorities, the Court **grants** Carnival's motion. (**Mot., ECF No. 17**.)

1. **Background**[1]

The Plaintiffs Franco Cruz, Nancy Cruz, Kyle Espinoza, Krizel Cruz, Kyle Espinoza next of friend for Leo Espinoza, Maria Cruz, Melinda Meade, Noemi Rangel, Franco Cruz next of friend for Franco Mateo Cruz and Alina Victoria Cruz, and David Meade ("Plaintiffs") bring this action against Carnival alleging claims for violations of the Texas Deceptive Trade Practices Act, breach of contract, and various common law torts arising out of a week-long cruise in March 2022 purchased with Carnival.

The Plaintiffs initially filed this suit in the 166th Judicial District Court, Bexar County, Texas on May 4, 2023, seeking over $250,000 in damages. (Compl., ECF No. 1-2.) Carnival removed the case to the United States District Court for the Western District of Texas and then successfully moved to transfer the case to this Court.[2] (ECF Nos. 1, 9.)

---

[1] Unless otherwise indicated, this background is based on the allegations in the complaint. For the purposes of evaluating Carnival's motion to dismiss, the Court accepts the Plaintiffs' factual allegations as true and construes the allegations in the light most favorable to them per Federal Rule of Civil Procedure 12(b)(6).

[2] Carnival removed the case to federal court by invoking federal diversity jurisdiction and admiralty jurisdiction. However, Carnival's diversity allegations are lacking. Perhaps most obviously, while Carnival alleges that it is a citizen of Florida, it does not specify its place of incorporation or principal place of business, leaving the Court unable to definitively determine whether diversity jurisdiction exists here. *See* 28 U.S.C. § 1332(c)(1). Accordingly, the Court proceeds under its admiralty jurisdiction instead. *See* Fed. R. Civ. P. 9(h)(1); *see also Davis v. Valsamis, Inc.*, 752 F. App'x 688, 691 (11th Cir. 2018) (explaining that a cruise passenger's

In their complaint, the Plaintiffs allege that they purchased one-week vacation packages on a Carnival ship departing Galveston, Texas on March 6, 2022. (Compl. ¶¶ 8, 10, ECF No. 1-2.) The Plaintiffs' family members included three young children: a three-year-old, an eleven-month-old, and a 6-month-old. (*Id.* ¶ 8.)

On March 4, 2023, the Plaintiffs underwent COVID tests as required by Carnival policy, and all of them, including all the minors, tested negative. (*Id.* ¶ 9.) However, when they arrived at the Port of Galveston on March 6, 2023, the Plaintiffs were told by Carnival boarding staff that their three-year-old child would have to be tested again before going on the ship. (*Id.* ¶¶ 9–10.)

Once aboard the ship, the Plaintiffs were also informed by Carnival staff that they would not be able to use the ship's daycare services because all children under the age of five were prohibited from attending the daycare due to not being vaccinated. (*Id.* ¶ 11.) At the time, there was no COVID-19 vaccine available for young children. (*Id.*) The Plaintiffs also discovered that, for the same reason, certain other amenities throughout the ship were closed off to children and that they had to pay additional fees if they wanted to disembark the ship. (*Id.* ¶¶ 11–12.)

As a result of Carnival's policies, the "Plaintiffs stayed on the ship for the week; sleeping, eating, and walking around the ship on port days was all that was made available to them." (*Id.* ¶ 14.) The "Plaintiffs felt as if they were captives, they felt discriminated against because of having small children, and for not having all of [the] family vaccinated; even though certain vaccines were not recommended at the time for certain ages[.]" (*Id.*)

Carnival now moves to dismiss the Plaintiffs' complaint, arguing, among other things, that their claims are time-barred under the terms of the parties' cruise ticket contract.

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more

---

"ticket constitutes a maritime contract because its primary objective is to accomplish the transportation of passengers by sea").

than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

### 3. Discussion

As an initial matter, the Court can, and does, grant Carnival's motion to dismiss based on the Plaintiffs' failure to respond to the motion at all. *See* Local Rule 7.1(c) ("[E]ach party opposing a motion shall file and serve an opposing memorandum of law no later than fourteen (14) days after service of the motion. Failure to do so may be deemed sufficient cause for granting the motion by default."); *see also, e.g.*, *Reyes v. Scottsdale Ins. Co.*, Civil Action No. 20-21437-Civ-Scola, 2020 U.S. Dist. LEXIS 71616, at *2 n.1 (S.D. Fla. Apr. 23, 2020) (Scola, J.) ("The Plaintiffs' failure to respond to the complaint constitutes an independent basis to dismiss the complaint."); *Bradshaw v. Integon Nat'l Ins. Co.*, No. 19-24806-CIV, 2019 U.S. Dist. LEXIS 212350, at *1 n.1, 2019 WL 6716364, at *1 (S.D. Fla. Dec. 10, 2019) (Scola, J.) ("Bradshaw's failure to respond to the complaint constitutes an independent basis to dismiss the complaint."). On this point, the Court notes that the Plaintiffs continue to be represented by counsel and that this is not the first time they fail to respond to one of Carnival's motions. (*See* Order Transferring Venue 3, ECF No. 9 (noting that Plaintiffs failed to timely respond to Carnival's motion to transfer).)

Nonetheless, for reasons of judicial efficiency, the Court will also briefly address Carnival's argument that the Plaintiffs' claims must be dismissed as time-barred under the terms of the parties' ticket contract. Carnival argues that each count of the Plaintiffs' complaint arose from the same cruise they took in early March 2022, and, pursuant to the valid and binding cruise ticket contract governing the parties' relationship, the Plaintiffs were required to commence legal proceedings within six months after landing from their voyage. The Court agrees.

The cruise ticket contract at issue here provides, in relevant part, as follows:

> Legal proceedings to recover on any claim whatsoever other than for personal injury, illness or death shall not be maintainable unless commenced within **six months** after the date Guest is landed from the Vessel … **Guest expressly waives all other potentially applicable state or federal limitation periods for claims which include, but are not limited to, allegations concerning any and**

> **all civil rights, the Americans With Disabilities Act (ADA), trade practices and/or advertising.**

(Cruise Ticket Contract ¶ 14(b), ECF No. 6-9.)[3] By its plain terms, the contract covers all the claims in the Plaintiffs' complaint, none of which involve personal injury, illness or death. Because the Plaintiffs landed from their cruise in early March 2022, they were required by the terms of the contract to initiate their suit no later than September 2022. However, the Plaintiffs did not file their case until May of 2023, making it clearly time-barred.

Moreover, the Court has no reason to question the validity or enforceability of the cruise ticket contract. Indeed, courts routinely enforce cruise ticket contracts like the one at issue here. *See, e.g.*, *Carretta v. Royal Caribbean Cruises, Ltd.*, 343 F. Supp. 3d 1300, 1303 (S.D. Fla. 2018) (Ungaro, J.) (dismissing complaint for alleged violations of the Florida Deceptive and Unfair Trade Practices Act as time-barred by the cruise ticket's six-month limitations provision); *Friedhofer v. NCL (Bahamas) Ltd.*, No. 14-23294-CIV-MORE, 2015 U.S. Dist. LEXIS 7264, at *2, 2015 WL 588642, at *1 (S.D. Fla. Jan. 22, 2015) (Moreno, J.) ("The Court also dismisses Plaintiffs' breach of contract claims because they are foreclosed by the six-month limitation in NCL's cruise tickets."); *Hubbert v. Carnival Corp.*, No. 12-23829-CIV-COHN/SELTZER, 2013 U.S. Dist. LEXIS 128179, at *17, 2013 WL 4806908, at *5 (S.D. Fla. Sep. 9, 2013) (Cohn, J.) ("[B]ecause the six month statute of limitations provided in the ticket contract had expired prior to the commencement of this action, Plaintiffs' claim [for stolen property wa]s time barred.").

Thus, the Court also finds that the Plaintiffs' claims are subject to dismissal as time-barred under the terms of the parties' ticket contract.[4]

### 4. Conclusion

For the reasons stated above, the Court **grants** Carnival's motion to dismiss the complaint (**Mot., ECF No. 17**), dismissing the Plaintiffs' case **with prejudice**.

Additionally, the Court dismisses the Plaintiffs' complaint **without leave to amend**. The Plaintiffs have not requested leave to amend; nor have they

---

[3] As Carnival correctly points out, because the Plaintiffs' complaint attaches and specifically incorporates their cruise ticket contract (*see* Compl. ¶ 26, ECF No. 1-2), the contract itself is properly referenced and considered in ruling on Carnival's motion to dismiss. *See, e.g.*, *Bickley v. Caremark Rx, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006) ("[W]here the plaintiff refers to certain documents in the complaint and those documents are central to the plaintiff's claim, then the Court may consider the documents part of the pleading for purposes of Rule 12(b)(6) dismissal[.]" (quotation omitted)).

[4] Because the Court concludes that the Plaintiffs' claims are time-barred it declines to address Carnival's additional arguments for dismissal.

indicated any inclination to do so. *See Wagner v. Daewoo Heavy Industries Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his complaint sua sponte when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."); *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 683 (11th Cir. 2018) ("[W]e've rejected the idea that a party can await a ruling on a motion to dismiss before filing a motion for leave to amend."); *compare with Carter v. HSBC Mortg. Services, Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015) ("A pro se plaintiff, however, *must* be given at least one chance to amend the complaint before the district court dismisses the action with prejudice, at least where a more carefully drafted complaint might state a claim.") (cleaned up) (emphasis in original).

Finally, the Clerk is directed to **close** this case.

**Done and ordered** at Miami, Florida on November 30, 2023.

_____
Robert N. Scola, Jr.
United States District Judge